**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CLOSED
CIVIL
CASE

UNITED STATES OF AMERICA,   )
　　　　　　　　　　　　　　 )
　　　　　　　Plaintiff,　　　 )
　　　　　　　　　　　　　　 )
　　　　v.　　　　　　　　　 )
　　　　　　　　　　　　　　 ) CIVIL ACTION NO. _____
UNIVERSITY OF MIAMI,　　　　 )　　　　　　　　　　 CIV-MARTINEZ
　　　　　　　　　　　　　　 )
　　　　　　　Defendant.　　　 )
　　　　　　　　　　　　　　 )

06 - 22000

FILED by _____ D.C.

OCT - 5 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

CONSENT DECREE AND FINAL JUDGMENT

## I. BACKGROUND

A. The United States of America ("United States"), acting at the request of the United States Army, filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at on a parcel of land located in Perrine, Dade County, Florida, on land that was once a parcel of the Richmond Naval Air Station (the "Site").

B. The Settling Defendant does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

C. The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

b. "Consent Decree" shall mean this Consent Decree and the appendix attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

g. "Interest" shall mean interest compounded annually on October 1 of each year at the rate specified for interest on investments of the Defense Department's "Environmental Restoration Account, Formerly Used Defense Sites" ("FUDS") Account established pursuant to 10 U.S.C. § 2703(a).

h. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

i. "Parties" shall mean the United States and Settling Defendant.

j. "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that the Army, or DOJ on behalf of the Army, has paid or incurred at or in connection with the Site through the Effective Date, plus accrued Interest on all such costs through such date.

k. "Plaintiff" shall mean the United States.

l. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

3

m.  "Settling Defendant" shall mean the University of Miami.

n.  "Site" shall mean the area of approximately 0.25 acres, located to the west (rear side) of Building Number 11, on a parcel of land that was once part of the Richmond Naval Air Station (located in Perrine, Dade County, Florida), and generally shown on the map included in Appendix A.

o.  "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

p.  "United States Army" or "Army" shall mean the United States Army and any of its instrumentalities, including the Corps of Engineers.

## V.  PAYMENT OF RESPONSE COSTS

4.  Payment of Past Response Costs to the Army.  Within 30 days of entry of this Consent Decree, Settling Defendant shall pay to the Army $393,473, plus an additional sum for Interest on that amount calculated from the date that this Consent Decree is lodged with the Court through the date of payment.

5.  Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with EFT instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the Southern District of Florida following lodging of the Consent Decree.

6.  At the time of payment, Settling Defendant shall also send notice that payment has been made to the Army and DOJ in accordance with Section XII (Notices and Submissions). Such notice shall reference DOJ case number 90-11-3-08486, and the civil action number.

7.  The total amount to be paid pursuant to Paragraph 4 shall be deposited by the

4

Financial Litigation Unit in the Defense Department's "Environmental Restoration Account, Formerly Used Defense Sites" ("FUDS") Account established pursuant to 10 U.S.C. § 2703(a).

## VI. <u>FAILURE TO COMPLY WITH CONSENT DECREE</u>

8. <u>Interest on Late Payments</u>.  If Settling Defendant fails to make any payment under Paragraph 4 (Payment of Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

9. <u>Stipulated Penalty</u>.

a.  If any amounts due under Paragraph 4 are not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall pay to the Army, as a stipulated penalty, in addition to the Interest required by Paragraph 8, $1,000 per day that such payment is late.

b.  Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by the Army.  All payments under this Paragraph shall be identified as "stipulated penalties" and shall be made pursuant to instructions to be provided by the Army.

c. At the time of each payment, Settling Defendant shall also send notice that payment has been made to the Army and DOJ in accordance with Section XII (Notices and Submissions).  Such notice shall DOJ Case Number 90-11-3-08486, and the civil action number.

d.  Penalties shall accrue as provided in this Paragraph regardless of whether the Army notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand.  All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.

5

10. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

11. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

12. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section V or from performance of any other requirements of this Consent Decree.

## VII. COVENANT NOT TO SUE BY PLAINTIFF

13. Covenant Not to Sue by United States. Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. This covenant not to sue shall take effect upon receipt by the Army of all payments required by Section V, Paragraph 4 (Payment of Response Costs) and any amount due under Section VI (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

6

## VIII.  RESERVATIONS OF RIGHTS BY UNITED STATES

14.  The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in Paragraph 13.  Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Setting Defendants with respect to:

a.  liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b.  liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c.  liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d.  criminal liability; and

e.  liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX.  COVENANT NOT TO SUE BY SETTLING DEFENDANT

15.  Settling Defendant covenants not to sue and agree not to assert any claims or causes of action against the United States or its contractors or employees, with respect to Past Response Costs or this Consent Decree, including but not limited to:

a.  any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.  any claim arising out of the response actions at the Site for which the Past

7

Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of Florida, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

        c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Past Response Costs.

16. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

## X. <u>EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION</u>

17. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

18. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

19. Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify the Army and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also agrees

that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, each Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

20. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## XI. RETENTION OF RECORDS

21. Until 7 years after the entry of this Consent Decree, Settling Defendant shall preserve and retain all records, reports, or information (hereinafter referred to as "records")" now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

22. After the conclusion of the 7-year document retention period in the preceding paragraph, Settling Defendant shall notify the Army and DOJ at least 90 days prior to the destruction of any such records, and, upon request by the Army or DOJ, Settling Defendant shall deliver any such records to the Army. Settling Defendant may assert that certain records are

9

privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following:  1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted.  If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only.  Settling Defendant shall retain all records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor.  However, no records created or generated pursuant to the requirements of this or any other settlement with the Army pertaining to the Site shall be withheld on the grounds that they are privileged.

23.  Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States, which occurred on August 1, 2003, and that it has fully complied with any and all requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6972.

## XII.  NOTICES AND SUBMISSIONS

24.  Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Defendants in writing.  Written notice as specified herein shall constitute complete

10

satisfaction of any written notice requirement of the Consent Decree with respect to the United

States, the Army, DOJ, and Settling Defendant, respectively.

<u>As to the United States</u>:

    <u>As to DOJ</u>:
    Chief, Environmental Enforcement Section
    Environment and Natural Resources Division
    U.S. Department of Justice (DJ #  90-11-3-08486)
    P.O. Box 7611
    Washington, D.C.  20044-7611

    <u>As to the Army</u>:
    U.S. Army Corps of Engineers, Savannah District
    ATTN: District Counsel
    100 W. Oglethorpe  Avenue
    Savannah, GA  31401

<u>As to Settling Defendant</u>:

    Robert L. Blake
    Vice President and General Counsel
    University of Miami
    P.O. Box 248052
    Coral Gables, FL 33124
    Telephone:    (305) 284-2700
    Fax No.:    (305) 284-5063

    Scott Reisch
    Hogan & Hartson, LLP
    One Tabor Center
    1200 17th Street, Ste. 1500
    Denver, CO 80202
    Tel: (303) 899-7300
    Fax: (303) 899-7333

## XIII.  <u>RETENTION OF JURISDICTION</u>

25.  This Court shall retain jurisdiction over this matter for the purpose of interpreting and

enforcing the terms of this Consent Decree.

## XIV.  **INTEGRATION/APPENDICES**

26.  This Consent Decree and its appendix constitute the final, complete and exclusive agreement and understanding among the Defendants with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.  The following appendix is attached to and incorporated into this Consent Decree: "Appendix A" is the map of the Site.

## XV.  **LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

27.  This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.  Settling Defendant consents to the entry of this Consent Decree without further notice.

28.  If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any dispute between the Parties.

## XVI.  **SIGNATORIES/SERVICE**

29.  Each undersigned representative of a Settling Defendant to this Consent Decree and the Deputy Chief of the Environmental Enforcement Section of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

30.  Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this

12

Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

31.  Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.  Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.  The Parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVII.  <u>FINAL JUDGMENT</u>

32.  Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and the Settling Defendant.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.  Any pending motions are DENIED as moot, this case is CLOSED.
SO ORDERED.

Date: 5 Oct 2006

UNITED STATES DISTRICT JUDGE

13

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. University of Miami</u>, relating to the site of the former Richmond Naval Air Station.

FOR THE UNITED STATES OF AMERICA, DOJ:

Date: _____

Ellen M. Mahan
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources
  Division
United States Department of Justice

Date: 2/27/06

Steven O'Rourke
Environmental Enforcement Section
Environment and Natural Resources
  Division
United States Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Telephone:  (202) 514-2779
Facsimile:  (202) 514-2583
Steve.o'rourke@usdoj.gov

R. Alexander Acosta
United States Attorney
Southern District of Florida

Date: 8/8/06

Carole M. Fernandez
Assistant United States Attorney
Southern District of Florida
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Telephone:  (305) 961-9333
Facsimile:  (305) 530–7139
E-mail: Carole.Fernandez@usdoj.gov
Assigned No. A5500016

14

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. University of Miami, relating to the site of the former Richmond Naval Air Station.

FOR DEFENDANT UNIVERSITY OF MIAMI:

Date: 7/26/06

Robert L. Blake
Vice President and General Counsel
University of Miami
P.O. Box 248052
Coral Gables, FL 33124
Telephone: 305-284-2700

15

# APPENDIX A:
# SITE MAP

